UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| USA TRACK & FIELD, INC., | ) |
| | ) |
| Plaintiff and | ) |
| Counter-Defendant, | ) |
| | )   No. 1:16-cv-01828-TWP-DML |
| v. | ) |
| | ) |
| LIONEL LEACH, RON MASCARENAS, | ) |
| KENNETH FERGUSON, DOROTHY | ) |
| DAWSON, LINDA ELLIS, LINDA PHELPS, | ) |
| NORINE RICHARDSON, HENRY | ) |
| MCCALLUM, DAVID REINHARDT, INEZ | ) |
| FINCH, MARC JONES, MARY ELIZABETH | ) |
| AUDE, and JACQUELINE WHITE, | ) |
| | ) |
| Defendants and | ) |
| Counter-Claimants. | ) |

**ORDER ON DEFENDANTS'
MOTION TO STAY THE USATF GRIEVANCE HEARING**

This matter is before the Court on a Motion to Stay the USA Track & Field Grievance Hearing Set for November 14, 2016 filed by Defendants Lionel Leach, Ron Mascarenas, Kenneth Ferguson, Dorothy Dawson, Linda Ellis, Linda Phelps, Norine Richardson, Henry McCallum, David Reinhardt, Inez Finch, Marc Jones, Mary Elizabeth Aude, and Jacqueline White (collectively the "Youth Executive Committee" or "Defendants") (Filing No. 70).

### I.    BACKGROUND

Max Siegel, the CEO of Plaintiff USA Track & Field, Inc. ("USATF"), negotiated and entered into an agreement with a service provider, Athletic.net, to provide online track meet registration services for USATF throughout 2016. Defendant Lionel Leach, the Divisional Chair of the Youth Executive Committee, and the rest of the Youth Executive Committee publicly

criticized and opposed the decision to use Athletic.net. The Youth Executive Committee directed local youth track associations to use service providers other than Athletic.net.

Viewing the actions of the Youth Executive Committee as an interference of business and contractual relationships and as being beyond the scope of the Committee's authority, USATF filed an internal grievance against Mr. Leach on February 2, 2016. The internal grievance sought declaratory relief that the event registration process and vendor relationships should be handled by the USATF National Office, not the Youth Executive Committee.

USATF and the Youth Executive Committee continued to have an impasse regarding the use of Athletic.net and the parties' asserted authority, with letters, notices, and public announcements being sent out. The ongoing dispute between USATF and the Youth Executive Committee centered on who had the authority to select and contract with vendors who provide registration and timing systems for track meets.

Because of the ongoing conflict and the actions taken by the Youth Executive Committee, USATF's Board of Directors voted to immediately suspend Mr. Leach and each of the members of the Youth Executive Committee on May 24, 2016, which was publicly announced on USATF's website on May 25, 2016. The Youth Executive Committee members were not given notice, a hearing or any other opportunity to present evidence or argument to defend against their suspensions. USATF's general counsel sent a letter to each of the Defendants on May 25, 2016, stating that they had been suspended from USATF and that they were not to have any involvement with the organization in any capacity.

On June 3, 2016, USATF filed an internal disciplinary complaint against the members of the Youth Executive Committee, requesting that each member of the Committee have their

membership revoked and that they be permanently expelled from participating in any activities of USATF as a member, volunteer, athlete, coach, or in any other capacity.

Also on June 3, 2016, USATF filed a Complaint in state court against the members of the Youth Executive Committee, alleging eight separate counts. On July 8, 2016, the Youth Executive Committee removed the action from state court to this Court based on diversity jurisdiction.

On June 4, 2016, Mr. Leach responded to the February 2, 2016 internal grievance complaint filed by USATF against him. On June 13, 2016, the USATF grievance panel, an independent body of arbitrators, conducted a pre-hearing conference. By agreement of the parties, the grievance panel ordered the February 2, 2016 grievance complaint against Mr. Leach and the June 3, 2016 disciplinary complaint against the Youth Executive Committee to be consolidated and decided together. The panel also set the hearing on the consolidated internal grievance and disciplinary complaints for November 14, 2016.

On July 15, 2016, the Youth Executive Committee filed a Motion for Preliminary Injunction, which was heard on September 23, 2016 is pending before this Court. The Youth Executive Committee seeks reinstatement to their positions as members of the Youth Executive Committee; reinstatement of their USATF memberships and ability to serve as coaches, mentors, volunteers, officials, or local association leaders; and a defense and indemnification from USATF for USATF's claims against the Youth Executive Committee.

## II. DISCUSSION

The Youth Executive Committee asks this Court to stay the USATF administrative hearing that is set for November 14, 2016, which will consider the February 2, 2016 grievance complaint against Mr. Leach and the June 3, 2016 disciplinary complaint against the Youth Executive Committee. That proceeding will address the Youth Executive Committee's desire for

3

reinstatement as well as USATF's request that each member of the Committee have their membership revoked and that they be permanently expelled from participating in any activities of USATF as a member, volunteer, athlete, coach, or in any other capacity.

As the basis for their request to stay the November 14 administrative hearing, the Youth Executive Committee asserts that they had no way of initiating an internal grievance proceeding after USATF had suspended their memberships, and USATF initiated this civil action, which is now ripe for a decision on the Motion for Preliminary Injunction. The Youth Executive Committee selectively quotes from Regulation 21-E-2 of the USATF Governance Handbook to assert that they are not subject to the internal grievance procedure. Without providing ellipses to indicate the omission of language, the Youth Executive Committee quotes Regulation 21-E-2:

> *Grievance complaints may be filed only by and against individuals or entities that were, at the time that the conduct complained of, **and at the time the Complaint is filed**, members, directors, or officers of USATF or otherwise subject to USATF's jurisdiction. A non-member former director or former officers of USATF shall be subject to USATF's jurisdiction. A Grievance Complaint may only be filed by a person or entity affected by the issues raised in the complaint.*

([Filing No. 70 at 2](#)–3 (emphasis in original).)

The Youth Executive Committee then asserts that "after USATF had already suspended and immediately revoked the memberships of the Defendants, USATF filed suit and initiated a grievance procedure against the Defendants, even though as a result of USATF's actions the Defendants were no longer members subject to any grievance procedure." ([Filing No. 70 at 3](#).) They argue that the *post hoc* grievance procedure after the suspensions were imposed is contrary to administrative procedure and inconsistent with USATF's initiation of this civil action.

The Youth Executive Committee concludes by asking the Court to stay the administrative proceeding and reinstate the members of the Youth Executive Committee, and then "USATF, once

4

the members are reinstated, [may] be permitted to initiate any grievance procedure and allow the Youth Executive Committee due process *before* taking any adverse action." (Filing No. 70 at 5.)

In response to the Motion to Stay, USATF asserts that this Court should not intervene to circumvent the administrative procedures that govern the internal affairs of USATF. USATF explains the differences among suspensions, revocations, and expulsions and then further explains that the members of the Youth Executive Committee were suspended, not expelled. Thus, the members are in a period of suspension, still subject to the grievance procedure. USATF also relies on its arguments in opposition to the Motion for Preliminary Injunction to oppose the Motion to Stay.

After reviewing the USATF Governance Handbook, the Court notes that the full language of Regulation 21-E-2 states:

> *Grievance Complaints may be filed only by and against individuals or entities that were, at the time that the conduct complained of occurred, and at the time the Complaint is filed, members, directors, or officers of USATF or otherwise subject to USATF's jurisdiction. A non-member, former director, or former officer of USATF shall be subject to USATF's jurisdiction to defend against a Grievance Complaint for an incident that occurred while he or she was a member, a director, or officer of USATF or otherwise subject to USATF's jurisdiction. A Grievance Complaint may only be filed by a person or entity affected by the issues raised in the complaint.*

(Filing No. 9-7 at 90–91.) Without providing ellipses in its motion, the Youth Executive Committee omitted the language that a non-member, former director, or former officer of USATF shall be subject to USATF's jurisdiction "to defend against a Grievance Complaint for an incident that occurred while he or she was a member, a director, or officer of USATF or otherwise subject to USATF's jurisdiction." Clearly, this language brings the Youth Executive Committee within the reach of the grievance procedure for the members' conduct that occurred while they were still members in good standing. Regardless of whether the members of the Youth Executive Committee

are now suspended, revoked, or expelled, the grievance procedure applies to their actions that are ready to be heard on November 14, 2016, by the grievance panel.

During the hearing before the Court on the Motion for Preliminary Injunction, counsel for the Youth Executive Committee discussed various options for resolving the parties' dispute. Included in his discussion was the November 14 administrative hearing on the consolidated internal grievance and disciplinary complaints. Counsel explained, "the Court could order an expedited hearing. I think a better result would be to leave the hearing in place, but just to tell USATF to follow the Act, to follow its own bylaws, and not expel -- excommunicate these people from the sport until that hearing is held." (Filing No. 61 at 23.) The Court agrees that "a better result would be to leave the hearing in place." Throughout the short history of this lawsuit, the Youth Executive Committee has repeatedly urged an expedited resolution of the parties' dispute. It seems inconsistent that they would now request a stay of the administrative proceeding that will get them closer to a resolution of their dispute.

Concerning the Youth Executive Committee's request that the Court stay the pending administrative proceeding and reinstate the members of the Youth Executive Committee, and then USATF may be permitted to initiate again the grievance procedure, the Court notes that this request would unduly delay the resolution of the parties' dispute. The issues are ripe before the administrative grievance panel, and they will be heard in less than two weeks. The Court agrees with USATF's assertion that the administrative procedures that govern the internal affairs of USATF should proceed as scheduled to allow the parties to move closer to resolution of their dispute.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** the Youth Executive Committee's Motion to Stay the USATF Grievance Hearing Set for November 14, 2016 ([Filing No. 70](#)).

**SO ORDERED.**

Date: 11/4/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

R. Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Kara M. Kapke
BARNES & THORNBURG LLP
kara.kapke@btlaw.com

Adeyemi Adenrele
BARNES & THORNBURG LLP
adey.adenrele@btlaw.com

David R. Greifinger
LAW OFFICES OF DAVID R. GREIFINGER
tracklaw@me.com

Christopher D. Lee
WOODEN & MCLAUGHLIN LLP
chris.lee@woodenmclaughlin.com

James McGinnis Boyers
WOODEN & MCLAUGHLIN LLP
jim.boyers@woodenmclaughlin.com

Crystal Spivey Wildeman
WOODEN & MCLAUGHLIN LLP
cwildeman@woodmclaw.com

John Charles Babione, II
WOODEN & MCLAUGHLIN LLP
john.babione@woodenmclaughlin.com